UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAMERA MCKNIGHT,**<br>**Plaintiff** | **CIVIL ACTION: 2017-0000826** |
| | **NUMBER: 2:17-CV 08248** |
| **VS.** | |
| | **SECTION: "J"    MAG: "5"** |
| **THE UNITED STATES OF AMERICA,**<br>**DEPARTMENT OF THE UNITED STATES**<br>**POST OFFICE, ABC LAND OWNER, XYZ**<br>**INSURANCE CO.**<br>**Defendants** | **DISTRICT JUDGE BARBIER**<br><br>**MAGISTRATE JUDGE NORTH** |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

NOW INTO THE COURT, through undersigned counsel, comes plaintiff, Tamera McKnight, who submits this Memorandum in Support of Motion for Reconsideration.

Plaintiff, initially filed the Petition for Damages in the instant matter in the 21st Judicial District Court. The case was subsequently removed the Eastern District of the United States District Court by the defendant, United States Postal Service. Plaintiff was not admitted to practice in the Eastern District nor was she familiar with any attorneys that were admitted to practice in the Eastern District or assist her with the requirements for completion to be granted admittance into the Eastern District. Counsel also made opposing counsel aware of this fact.

After the case was removed to the Eastern District, Defendant, Red Hill Properties, LLC ("Red Hill") filed a Rule 12 B(5) Motion to Dismiss for Insufficient Service of Process Pursuant to Federal Rule of Civil Procedure Rule 4(M). The court entered an order dismissing the unopposed motion without prejudice on October 31, 2017

LAW AND ARGUMENT

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*," it has consistently recognized that such

a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). Such a motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion. In exercising this discretion, courts must carefully balance the interests of justice with the need for finality. Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.

It is clear that this matter was dismissed through no fault of Plaintiff. Counsel encountered significant issues with being admitted into the Eastern District as her primary area of practice is Baton Rouge, Louisiana which is the Middle District. If the Court does not grant the Motion for Reconsideration, and allow plaintiff to file the Memorandum in Opposition to Defendant's Rule 12 B(5) Motion to Dismiss for Insufficient Service of Process Pursuant to Federal Rule of Civil Procedure Rule 4(M) which is attached as an exhibit herein, a manifest injustice will occur.

Conclusion

As stated previously, counsel for Tamera McKnight was not admitted into the Eastern District until November 3, 2017 after the Order of Dismissal was entered on October 31, 2017. However, the opposition to Defendant's Motion was prepared prior to that date, and counsel was waiting to be admitted.

RESPECTFULLY SUBMITTED:

BY: /s/Ethel M. Clay
ETHEL M. CLAY (LBN 31103)
TIFFANY MYLES CROSBY (32045)
439 N. NINTH STREET
BATON ROUGE, LA 70802
TEL: (225) 906-0435
FAX: (225) 372-8590
***ATTORNEYS FOR PLAINTIFF***