UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TAMARA MCKNIGHT | CIVIL ACTION |
|---|---|
| VERSUS | No.: 17-8248 |
| UNITED STATES OF AMERICA, ET AL. | SECTION: "J"(5) |

## **ORDER**

Before the Court are two *Motions for Reconsideration* **(Rec. Docs. 15, 16)** filed by Plaintiff, Tamara McKnight, two oppositions thereto (Rec. Docs. 17, 18) filed by Defendants, Red Hill Properties, LLC ("Red Hill"), the United States of America, and the Department of the United States Post Office ("USPS," and, collectively with the United States of America, the "Federal Defendants"), and Plaintiff's reply (Rec. Doc. 19). This Court has reviewed the memoranda of the parties, the record, and the applicable law, and concludes that Plaintiff's *Motions for Reconsideration* **(Rec. Docs. 15, 16)** should be **GRANTED** and **DENIED**, respectively.

Plaintiff filed a petition in the 21st Judicial District Court, Parish of Tangipahoa, against the Federal Defendants, ABC Land Owner, and XYZ Insurance Company for injuries she sustained when she allegedly fell when walking out of a post office on or about March 16, 2016. On June 21, 2017, Plaintiff filed a "Supplemental and Amending Petition for Damages" substituting Red Hill for ABC Land Owner. Shortly thereafter, on August 25, 2017, the Federal Defendants removed the lawsuit to this Court pursuant to 28 U.S.C. § 1442(a)(1).

Following removal, the Federal Defendants and Red Hill each filed separate *Motions to Dismiss* (Rec. Docs. 5, 6). In particular, the Federal Defendants moved to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) on the basis that Plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"). Red Hill, on the other hand, moved to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(5) for failure to effectuate timely service. Plaintiff's counsel, who now contends that she was not admitted to practice in this district at the time, failed to file an opposition to either motion. The Court, after reviewing the motions, issued an order (Rec. Docs. 11, 12) granting the motions as unopposed, and dismissed Plaintiff's claims without prejudice. Plaintiff now moves the Court to reconsider its order (Rec. Docs. 11, 12).

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e). FED. R. CIV. P. 59(e);

*Lavespere*, 910 F.2d at 173. However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). FED. R. CIV. P. 60(c); *Lavespere*, 910 F.2d at 173. In the present case, Plaintiff's *Motions for Reconsideration* (Rec. Docs. 15, 16) were filed within twenty-eight days of the issuance of the Court's order (Rec. Docs. 11, 12). As a result, Plaintiff's *Motions for Reconsideration* are treated as motions to alter or amend under Rule 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.; see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence." *In Re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon v. La. Dep't of Health & Hosp.*, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or

3

raised before entry of judgment." *Templet*, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence"); *Schiller*, 342 F.3d at 567.

## **DISCUSSION**

This Court's order was manifestly erroneous in deciding that Plaintiff failed to timely serve Red Hill within 90 days after filing her original state court petition.[1] "In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court." 14A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1137 at 83; *see also Workman v. Bissessar*, 275 F. Supp. 3d 263, 269 (D.D.C 2017) (citing *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011)). Further, it is well-settled that state law governs the sufficiency and service of process in removed cases prior before removal. *See Nealey v. Transp. Martima Mexicana, S.A.*, 662 F.2d 1275, 1282 (9th Cir. 1980); *see also Eccles v. Nat'l Semiconductor Corp.*,

---

[1] "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

4

10 F. Supp. 2d 514, 519 (D. Md. 1998). Here, Plaintiff served Red Hill on July 26, 2017, almost a month before the matter was removed to this Court on August 25, 2017. Therefore, because Plaintiff effectuated service on Red Hill before the matter was removed, Plaintiff, as a matter of law, could not have run afoul of Rule 4(m)'s 90-day window for service. In all other respects, however, the Court's order was legally sound.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's *Motion for Reconsideration* **(Rec. Doc. 15)** is hereby **GRANTED**. Accordingly, Plaintiff's claims against Red Hill are hereby **REINSTATED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Reconsideration* **(Rec. Doc. 16)** is hereby **DENIED**.

New Orleans, Louisiana, this 14th day of August, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] For the reasons expressed in the Federal Defendants' *Motion to Dismiss* (Rec. Doc. 6), it is clear that this Court lacks subject matter jurisdiction over Plaintiff's claims against the Federal Defendants because Plaintiff has failed to exhaust her administrative remedies under the FTCA. Indeed, Plaintiff's *Motion for Reconsideration* and pleading attached thereto (Rec. Doc. 16) fails to even address any of the issues raised in the Federal Defendants' *Motion to Dismiss* (Rec. Doc. 6).